1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARK FEATHERS,

        Plaintiff,

   v.

ROGER D. BOUDREAU,

        Defendant.

Case No.  16-cv-00529-RMW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. Nos. 8, 13

      Plaintiff Mark Feathers, proceeding pro se, brings a claim for judicial deception against defendant Roger D. Boudreau, an accountant for the Securities and Exchange Commission. Dkt. No. 1. Defendant moves to dismiss for lack of subject matter jurisdiction and failure to state a claim. Dkt. Nos. 8, 13. Plaintiff opposes the motion. Dkt. No. 11. The court heard oral argument on April 29, 2016. For the reasons set forth below, the court grants defendant's motion to dismiss.

**I.      BACKGROUND**

      On June 21, 2012, the SEC filed an enforcement action against plaintiff and certain entities controlled by plaintiff. *See SEC v. Small Bus. Capital Corp.*, Case No. 12-cv-03237-EJD, Dkt. No. 1. On the same day, the SEC moved ex parte for a temporary restraining order seeking, among other relief, to freeze plaintiff's assets and appoint a receiver. *Id.*, Dkt. No. 5. The temporary restraining order was granted, and plaintiff later consented to entry of a preliminary injunction. *Id.*,

1

Dkt. Nos. 16, 29, 34. In support of its ex parte motion, the SEC submitted a declaration from Roger D. Boudreau, a senior accountant in the SEC's enforcement division and the defendant in this case. *Id.*, Dkt. No. 8.

Plaintiff challenged the accuracy of defendant's accounting and moved for sanctions against defendant during the course of the SEC enforcement action. *See, e.g.*, Case No. 12-cv-03237-EJD, Dkt. Nos. 96, 126. Plaintiff's motions for sanctions against defendant were denied. *Id.*, Dkt. No. 272. The court subsequently granted summary judgment for the SEC and awarded injunctive and monetary relief. *Id.*, Dkt. Nos. 591, 622. The SEC did not rely on Mr. Boudreau's declaration in its motion for summary judgment or its motion for injunctive relief and monetary remedies. *See id.* Dkt. Nos. 477, 602. Plaintiff's appeals of these orders are pending. *Id.*, Dkt. Nos. 593, 623.

Plaintiff then challenged the accuracy of defendant's accounting in a federal action against the United States. *See Feathers v. United States*, Case No. 5:15-CV-2194-PSG, Dkt. No. 1. Plaintiff's complaint against the United States sought relief under the Federal Tort Claims Act, the Civil Rights Act, and the Privacy Act. *Id.* The court dismissed plaintiff's tort claims, finding that the discretionary function exception of the FTCA deprived the court of subject matter jurisdiction. *Id.*, Dkt. No. 30 at 6-7. The court dismissed plaintiff's § 1983 claim for lack of subject matter jurisdiction based on sovereign immunity. *Id.* at 7-8. The court dismissed plaintiff's Privacy Act claim relating to the release of information by the SEC for failure to state a claim. *Id.* at 8. Plaintiff amended his complaint to allege new constitutional causes of action against the United States based on "largely the same body of facts," but the court dismissed plaintiff's constitutional claims for lack of subject matter jurisdiction, finding that plaintiff's constitutional claims could not satisfy the requirements for waiver of sovereign immunity under the Administrative Procedures Act, under the FTCA, or through a *Bivens* action. *Id.*, Dkt. No. 47 at 3, 5-6. The court denied plaintiff leave to amend, noting that plaintiff had "not suggested that further leave to amend would solve the difficulty of sovereign immunity." *Id.* at 6. The court specifically noted that "amending his complaint to name the accountant would not allow Feathers to successfully present a *Bivens*

16-cv-00529-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FC

United States District Court
Northern District of California

United States District Court
Northern District of California

claim, because the court previously found that Feathers' injury was caused by the SEC's decision to bring a civil enforcement action against him, not by the accountant's alleged error." *Id.*

In this case, plaintiff appears to present a *Bivens* claim for "judicial deception" naming the SEC accountant.[1] The elements of a judicial deception claim are 1) an officer's "deliberate falsehood or reckless disregard for the truth," and 2) the materiality of the dishonesty such that "but for the dishonesty, the challenged action would not have occurred." *See Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002).[2]

Here, plaintiff alleges that defendant was grossly reckless when he departed from accepted accounting practices, specifically by falsely labeling "his accounting charts, tables, and narratives with the public accounting reference of 'distributions' in his testimony," even though the labeled figures "were not actually distributions at all." *Id.* ¶¶ 2-3, 7-8, 11. According to plaintiff, defendant's accounting made it appear that plaintiff's "investment funds were distributing more than twice the amount of capital distributions as they actually distributed." *Id.* ¶ 14.

According to plaintiff, defendant provided these false accountings "under oath," in his declaration, and the SEC incorporated defendant's accountings throughout the complaint. *Id.* ¶¶ 2, 12. Plaintiff further alleges that defendant's "false material accountings caused a wrongful

---

[1] Plaintiff brings claims under the Fourth and Fifth Amendment. *See* Compl. ¶¶ 4, 10. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that an alleged violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to an implied cause of action for damages. The Court extended the *Bivens* implied cause of action to Fifth Amendment claims. *Davis v. Passman*, 442 U.S. 228 (1979). Plaintiff also references the Fourteenth Amendment in the complaint. *See* Compl. ¶ 30 (plaintiff's "claim is governed by the Fourth, Fifth, and Fourteenth Amendments"). The Fourteenth Amendment, however, restricts only state action and "does not apply to the federal government." *See Hamad v. Gates*, 732 F.3d 990, 1006 n.11 (9th Cir. 2013) ("Fourteenth Amendment does not apply to the federal government . . .") (citing *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954)).

[2] A judicial deception claim most commonly arises out of criminal law enforcement proceedings, when a plaintiff argues that an officer "misled the magistrate judge when applying for the warrant, and had the magistrate considered all of the facts that the magistrate would not have found probable cause." *Chism v. Washington State*, 661 F.3d 380, 386 n.9 (9th Cir. 2011) (quoting *Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011)). The claim has also been considered in the context of protective custody warrants. *See, e.g.*, *Mann v. Cnty. of San Diego*, No. 3:11-CV-0708-GPC-BGS, 2013 WL 4046642, at *13 (S.D. Cal. Aug. 8, 2013) ("this Court finds that the Plaintiffs' claimed right to be free from judicial deception in obtaining a protective custody warrant from a juvenile court was clearly established").

16-cv-00529-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FC

seizure" of plaintiff's assets when the court granted the temporary restraining order, thereby depriving plaintiff of "the ability to employ counsel and expert witnesses." *Id.* ¶ 4. Plaintiff further alleges that the wrongful seizure resulted in plaintiff giving "uninformed consent" to the entry of the preliminary injunction. *Id.* ¶ 7. Plaintiff also claims harm to his reputation and loss of revenue, and seeks to represent the class "of all persons similarly situated and who suffered a loss from their investments" the entities controlled by plaintiff, "directly or indirectly." *Id.* ¶¶ 32, 33, 26.[3]

## II.    ANALYSIS

Defendant moves to dismiss the complaint on four grounds: 1) the FTCA judgment bar, 2) res judicata, 3) absolute witness immunity, and 4) qualified immunity. Because the court finds that defendant is entitled to absolute witness immunity, the court does not reach the question of qualified immunity.

### A.  Federal Tort Claims Act § 2676 Judgment Bar

The FTCA provides limited waiver of sovereign immunity, permitting plaintiffs to seek damages for certain torts committed by federal employees. *See* 28 U.S.C. § 1346(b). The statute contains "Exceptions" to the waiver of sovereign immunity for certain categories of claims. *See* 28 U.S.C. § 2680. The statute also contains a "judgment bar," such that any judgment in an FTCA action "shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. In *Feathers v. United States*, the court dismissed plaintiff's tort claims against the United States as barred by the "discretionary function" exception of the FTCA. *See* Case No. 5:15-CV-2194-PSG, Dkt. No. 30 at 6-7 ("The only plausible reality is that Feathers' injuries were caused by the SEC's decision to bring a civil enforcement action against him, not Boudreau's accounting error. That decision by the SEC satisfies both elements of the discretionary function

---

[3] The court notes that a pro se plaintiff "may not serve as counsel for a class." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 988 (N.D. Cal. 2014) (quoting *Newberg on Class Actions* § 3:79 (5th ed.)); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney "has no authority to appear as an attorney for others than himself"); Fed. R. Civ. P. 23(a)(4) (requiring that class representative be able to "fairly and adequately protect the interests of the class").

16-cv-00529-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FC

exception.").

Defendant argued in his motion to dismiss that plaintiff's judicial deception claim is barred by the earlier dismissal of plaintiff's tort claims. After the hearing on defendant's motion, however, the Supreme Court held the judgment bar does not apply to suits that are dismissed as falling within one of the statutory "Exceptions" of the FTCA. *See Simmons v. Himmelreich*, No. 15-109, 2016 WL 3128838, at *5-7 (U.S. June 6, 2016) (concluding that plaintiff's second suit against individual prison employees should be permitted to go forward where plaintiff's first suit against the United States was dismissed based on FTCA's discretionary function exception). Defendant conceded at the hearing that such a ruling would preclude dismissal of plaintif's claims on § 2676 grounds. The FTCA judgment bar, therefore, does not apply to plaintiff's claims in this case.

**B.  Res Judicata**

"Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action if there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis in original) (citing *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001)). Defendant asserts that all three criteria are met in this case because plaintiff's prior claims against the United States were dismissed without leave to amend. *See* Case No. 5:15-CV-2194-PSG, Dkt. No. 47. Plaintiff counters that res judicata does not apply because plaintiff has not previously alleged or litigated a judicial deception claim against Mr. Boudreau. Although the court finds sufficient identity of claims and privity between the parties, the court is not persuaded that the dismissal of plaintiff's prior claims against the United States constitutes a final judgment on the merits.

First, the "central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Owens*, 244 F.3d at 714 (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)). Plaintiff's judicial deception claim arises out of the same nucleus of facts as

16-cv-00529-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FC

United States District Court
Northern District of California

his prior claims against the United States—specifically plaintiff's allegations that the Boudreau declaration relied on by the SEC contained "false material accountings." *Compare* Compl. ¶ 2 (alleging that defendant "provided extensive false material accounting and financial information under oath"), *with* Case No. 5:15-CV-2194-PSG, Dkt. No. 1 ¶ 97 (alleging that defendant provided "objectively false financial illustrations about Plaintiffs distributions within SEC's pleadings"), *and* Dkt. No. 30 ¶ 6 (alleging that SEC allowed "material false accounting narratives, charts, and tables about Plaintiff's investment companies in its sealed pleadings"). Therefore, plaintiff's current claims all "could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Owens*, 244 F.3d at 714 (9th Cir. 2001) (finding identity of claims where "both causes of action are predicated on racial discrimination and allege the same circumstances") (quoting *Gregory v. Widnall,* 153 F.3d 1071, 1074 (9th Cir. 1998)).

Second, an "employer-employee relationship generally satisfies the privity requirement for matters within the scope of employment." *Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1127 (N.D. Cal. 2011) (citing *Spector v. El Ranco, Inc.,* 263 F.2d 143, 145 (9th Cir. 1959) ("Where . . . the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either . . . rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other.")). In this case, there is no dispute that plaintiff's allegations arise out of defendant's acts as an SEC employee. *See* Compl. ¶¶ 1-2 (identifying defendant as "CPA of the United States Securities and Exchange Commission" who knew or should have known that false material accountings "were replete throughout an SEC complaint" against plaintiff).

Third, however, a dismissal for lack of jurisdiction does not generally operate as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal . . . —*except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.") (emphasis added); *see also* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §

6

2713 (3d ed. 2016) ("motion to dismiss for lack of subject-matter or personal jurisdiction . . . only contemplates a dismissal of the proceeding, not a judgment on the merits for either party"). Plaintiff's original tort and civil rights claims arising out of the Boudreau declaration were dismissed for lack of subject matter jurisdiction in *Feathers v. United States*. *See* Case No. 5:15-CV-2194-PSG, Dkt. No. 30 at 6-8. The constitutional claims asserted by plaintiff in the amended complaint were similarly dismissed for lack of subject matter jurisdiction. *See id.*, Dkt. No. 47 at 5-6.

Defendant cites *Stewart v. U.S. Bancorp*, 297 F.3d 953 (9th Cir. 2002) to argue that a dismissal with prejudice constitutes a final judgment on the merits, but defendant's reliance on *Stewart* is misplaced. The Ninth Circuit considered whether the district court's dismissal on federal preemption grounds was in fact a dismissal for lack of jurisdiction, rather than for failure to state a claim, and therefore not a final judgment on the merits. *Id.* at 957-58. The Ninth Circuit concluded that plaintiffs' first suit was dismissed "*not for lack of jurisdiction*, but rather for the substantive reason that Plaintiffs' claims were preempted by federal law." *Id.* at 959 (emphasis added). Rather than supporting defendant's position, this holding implicitly supports the conclusion that a dismissal for lack of jurisdiction is not a final judgment on the merits. In this case, there is no suggestion that plaintiff's previous claims arising out of the Boudreau declaration were dismissed for any reason other than lack of jurisdiction. Therefore, the court concludes that there was no prior final judgment on the merits and that res judicata does not bar plaintiff's claims in this case.

### C.  Absolute Witness Immunity

"Witnesses, including police witnesses, are accorded absolute immunity from liability for their testimony in judicial proceedings." *Paine v. City of Lompoc*, 265 F.3d 975, 980 (9th Cir. 2001). The "purpose of such immunity is to encourage witnesses to come forward and speak freely in court by relieving the potential defendant of any fear that he will later have the burden of litigating the propriety of his conduct as a witness." *Id.* (citing *Briscoe v. LaHue*, 460 U.S. 325, 335-36 (1983)). Witness immunity applies to testimony offered in sworn statements and in pretrial

16-cv-00529-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FC

United States District Court
Northern District of California

1    proceedings. *Burns v. Cty. of King*, 883 F.2d 819, 823 (9th Cir. 1989) (citing *Briscoe*, 460 U.S.

2    325 and *Holt v. Castaneda*, 832 F.2d 123 (9th Cir. 1987)); *see also Gray v. Poole*, 275 F.3d 1113,

3    1118 (D.C. Cir. 2002) ("It does not matter whether Poole's sworn statement was given in oral or

4    written form; what matters is that her statement was the equivalent of sworn testimony in a

5    judicial proceeding."). Witness immunity extends even to perjured testimony, but it "does not

6    shield non-testimonial conduct" that is not "inextricably tied" to the testimony. *Paine*, 265 F.3d at

7    982-83. In this case, all of plaintiff's allegations are inextricably tied to defendant's testimony.

8    *See, e.g.*, Compl. ¶ 1 ("This is a complaint for judicial deception . . . due to the false testimony" of

9    defendant.). Therefore, defendant has absolute witness immune from suit on these claims.

10       Plaintiff's citation to *Malley v. Briggs*, 475 U.S. 335 (1986) is unavailing. In *Malley*, the

11   Supreme Court held that law enforcement officials were not entitled to absolute immunity when

12   they act as "complaining witnesses" and initiate criminal prosecutions by submitting a legally

13   invalid arrest warrant. In *Rehberg v. Paulk*, however, the Supreme Court explained that at

14   common law, "testifying was not a necessary characteristic of a 'complaining witness'" because

15   "the term 'complaining witness' was used to refer to a party who procured an arrest and initiated a

16   criminal prosecution." 132 S. Ct. 1497, 1507 (2012) (holding that district attorney's chief

17   investigator was entitled to absolute witness immunity not only for trial testimony, but also for

18   grand jury testimony). In distinguishing *Malley*, the Court noted that "it is apparent that a law

19   enforcement officer who testifies before a grand jury is not at all comparable to a 'complaining

20   witness'" because "a law enforcement officer does not perform the function of applying for an

21   arrest warrant; nor does such an officer make the critical decision to initiate a prosecution." *Id*. In

22   this case, plaintiff alleges that defendant offered testimony in the course of an SEC enforcement

23   action, but plaintiff does not allege that defendant performed any function similar to applying for a

24   warrant or that defendant initiated the enforcement action.[4] Therefore, the court finds no basis in

25

---

26   [4] This is consistent with the court's finding in *Feathers v. United States* that the "only plausible
     reality is that Feathers' injuries were caused by the SEC's decision to bring a civil enforcement
27   action against him, not Boudreau's accounting error." Case No. 5:15-CV-2194-PSG, Dkt. No. 30
     at 6-7.
28

16-cv-00529-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FC

United States District Court
Northern District of California

1  *Malle*y for abrogating defendant's witness immunity.

2      Plaintiff also argues that defendant is not "simply a 'witness,'" but rather a "licensed

3  certified public accountant" employed by the SEC. Dkt. No. 11 at 3. There is, however, no

4  exception to witness immunity for expert witnesses. *See, e.g.*, *Cannon v. Polk Cty. Dist. Atty.*, 501

5  F. App'x 611, 613 (9th Cir. 2012) (affirming witness immunity dismissal of claims based on

6  government experts' preparation and testimony); *Franklin v. Terr*, 201 F.3d 1098, 1100 (9th Cir.

7  2000) (applying witness immunity to bar claims against prosecution's expert witness on childhood

8  trauma and its effect on memory).

9  **III.      CONCLUSION**

10      Defendant's motion to dismiss for failure to state a claim is granted. "Leave to amend

11  should be granted unless the pleading 'could not possibly be cured by the allegation of other

12  facts,' and should be granted more liberally to pro se plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850,

13  861 (9th Cir. 2003) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc)). As

14  plaintiff has not suggested any basis for his claim against defendant other than defendant's

15  testimony, the court is skeptical that plaintiff will be able to cure the defects in the complaint by

16  amendment, but the court cannot say it is impossible. Therefore, plaintiff is granted 30 days leave

17  to amend. The court notes that in addition to the absolute immunity available to witnesses, the

18  "doctrine of qualified immunity protects government officials from liability for civil damages

19  insofar as their conduct does not violate clearly established statutory or constitutional rights of

20  which a reasonable person would have known." *Messerschmidt v. Millender*, 132 S. Ct. 1235,

21  1244 (2012) (citations omitted). The case management conference set for June 24, 2016 is hereby

22  reset for August 5, 2016 at 10:30 a.m.

23      **IT IS SO ORDERED.**

24  Dated: June 21, 2016

25  _Ronald M. Whyte_
    _____

26  Ronald M. Whyte
    United States District Judge

27

28

16-cv-00529-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FC