United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK FEATHERS,<br><br>        Plaintiff,<br><br>    v.<br><br>ROGER D. BOUDREAU,<br><br>        Defendant. | Case No.  16-cv-00529-RMW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO FOR LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 25, 35 |

Plaintiff Mark Feathers, proceeding pro se, asserts a *Bivens* claim for judicial deception against defendant Roger D. Boudreau. Defendant moves to dismiss. Dkt. No. 25. Plaintiff opposes the motion and seeks leave to file a second amended complaint. Dkt. Nos. 31, 35. The court heard oral argument on September 30, 2016. The court denies plaintiff's motion for leave to amend and grants defendant's motion to dismiss with prejudice.

## I.   BACKGROUND

The SEC filed an enforcement action against plaintiff and certain entities controlled by plaintiff on June 21, 2012. *See SEC v. Small Bus. Capital Corp.*, Case No. 12-cv-03237-EJD, Dkt. No. 1. The SEC simultaneously moved ex parte for a temporary restraining order to freeze plaintiff's assets and for other related relief. *Id.*, Dkt. No. 5. In support of its ex parte motion, the

1

1    SEC submitted a declaration from defendant Roger D. Boudreau, a senior accountant in the SEC's

2    enforcement division. *Id.*, Dkt. No. 8. The district court granted the TRO and appointed a

3    temporary receiver on June 26, 2012. *Id.*, Dkt. No. 16. Plaintiff later stipulated to entry of a

4    preliminary injunction and appointment of a permanent receiver. *Id.*, Dkt. Nos. 29, 34. The district

5    court subsequently granted summary judgment for the SEC and awarded injunctive and monetary

6    relief. *Id.*, Dkt. Nos. 591, 622. The SEC did not rely on Mr. Boudreau's declaration in moving for

7    summary judgment or for a permanent injunction and monetary remedies. *See id.* Dkt. Nos. 477,

8    602. Plaintiff's appeal to the Ninth Circuit, *id.*, Dkt. No. 623, is still pending.

9        In the SEC enforcement action, plaintiff challenged the accuracy of defendant's accounting

10   and moved for sanctions against defendant in November 2012. *See, e.g.*, *id.*, Dkt. Nos. 96, 126.

11   Plaintiff's motions to dismiss and for sanctions were denied on February 22, 2013. *Id.*, Dkt. No.

12   272. Plaintiff alleges that he then challenged defendant's "wrongful financial illustrations" in an

13   "administrative action with SEC" filed in April 2014, which the SEC denied six months later.

14   FAC ¶ 52; *see* Dkt. No. 31 at 12 & Ex. 5. Plaintiff next challenged the accuracy of defendant's

15   accounting in a federal action against the United States on May 15, 2015. *See Feathers v. United*

16   *States*, Case No. 5:15-CV-2194-PSG, Dkt. No. 1. The district court dismissed plaintiff's claims

17   against the United States as barred by sovereign immunity on December 1, 2015. *Id.*, Dkt. No. 47.

18       Plaintiff now asserts a *Bivens* claim for judicial deception against defendant, alleging that

19   defendant, in his "declaration, charts, table, and narratives," added together items labeled "capital

20   distributions out of" and "capital investments into," and then "falsely re-labeled" the items as

21   "distributions." Dkt. No. 22, FAC ¶ 2. Plaintiff also alleges that defendant "attached the words

22   'Ponzi' and, or, 'scheme' in his charts, tables, and narratives, and, or, wrongly gave cause to SEC

23   prosecutors to do same," which "severely magnified the economic harm of SEC's wrongful

24   injunction." *Id.* ¶ 9. Plaintiff claims that the seizure of his assets is "directly traceable" to

25   defendant's "false material accounting," and that the "government's taking of property and

26   property rights" based on defendant's accounting "was without due process." *Id.* ¶¶ 50, 72.

27

28

16-cv-00529-RMW
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO FOR
LEAVE TO AMEND
FC

United States District Court
Northern District of California

## II.  ANALYSIS

Defendant moves to dismiss on the basis, among others, that the statute of limitations has run. The parties do not dispute that the statute of limitations is two years. *See Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (holding that forum state's "personal injury statute of limitations properly applies to *Bivens* claims"); Cal. Civ. Proc. § 335.1 (two-year statute of limitations). Plaintiff, however, argues that his claim is preserved by the doctrine of equitable tolling, which "[b]roadly speaking," applies "when an injured person has several legal remedies and, reasonably and in good faith, pursues one."  *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 100 (2008) (internal quotation marks omitted). Where applicable, "the effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded." *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370-71 (2003).

Plaintiff seeks damages arising from defendant's allegedly "false, material, grossly misleading and highly prejudicial sealed declarations" submitted in connection with the SEC's TRO request. FAC ¶ 1. That TRO was granted on June 26, 2012, and a preliminary injunction with the same terms was entered on July 3, 2012. Plaintiff is not claiming harm from the ultimate outcome of the enforcement proceedings, but rather from the application for and issuance of the TRO. Plaintiff did not file this action on February 1, 2016. *See* Dkt. No. 1. Even giving plaintiff the benefit of the periods for which he claims the statute of limitations was tolled—that is, the pendency of his sanctions motions in the SEC enforcement action, his SEC administrative tort claim, and his federal lawsuit against the United States—his claim is not timely. Because plaintiff's claim is barred by the statute of limitations, the court does not reach defendant's other arguments for dismissal.

Plaintiff seeks to leave to amend the complaint in order to add, among other things, allegations in support of equitable tolling. Plaintiff did not file a proposed amended complaint, but identified certain documents that would serve as the basis for amendment. Having reviewed the documents, the court finds that they do not support plaintiff's contention that his claim is

3

1    preserved by equitable tolling.

2    **III.    CONCLUSION**

3         Plaintiff's claim is dismissed with prejudice as untimely. Plaintiff's motion for leave to

4    amend is denied as futile.

5         **IT IS SO ORDERED.**

6    Dated: October 26, 2016

7    _____
     Ronald M. Whyte

8    Ronald M. Whyte
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

                                              4

28   16-cv-00529-RMW
     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO FOR
     LEAVE TO AMEND
     FC

United States District Court
Northern District of California